# Campbell *v*. The State.

### *Violating Contract.*

(Decided April 23, 1908.  46 South. 520.)

1. *False Pretense; Violating Written Contract; Evidence.*—Where the prosecution was had under section 4730, Code 1896, as amended by General Acts, 1903, page 345, and the affidavit charged the defendant with having obtained a suit of clothes of a named value and a watch and chain of a named value; the contract under which they were obtained was properly admitted in evidence, although it recited that defendant was at hard labor with one B. and had served out his sentence, and the other party to the contract had paid up the costs, amounting to a given sum, none of which was charged in the affidavit; the contract being an entire instrument no part of it could be properly excluded.

2. *Same.*—Where the affidavit alleged refusal to perform the services required by the contract on the part of defendant, it is not supported by proof of the mere failure to perform.

3. *Same; Instruction.*—A charge asserting that unless the jury believe from the evidence that defendant had the intention of defrauding his employer at the time he made the contract, the jury could not convict, regardless of what purpose or intent he afterwards formed, correctly states the law.

APPEAL from Wilcox Circuit Court.

Heard before Hon. WILLIAM H. HAWKINS, Special Judge.

John Campbell was convicted of an offense, and appeals.  Reversed and remanded.

See 150 Ala. 70, 43 South. 743.

Charge 8, refused to defendant, was as follows: "The court charges the jury that, unless they believe from the evidence that defendant had the intention of defrauding his employer at the time he made the contract, it matters not what purpose or intention he afterwards formed, they could not convict him."

NORMAN D. GODBOLD, for appellant.  Under the evidence the defendant should not have been convicted.—

[Campbell v. The State.]

*Riley v. The State,* 94 Ala. 85. The offense was barred.
—*Bube v. The State,* 76 Ala. 73. The court should have
sustained objections to remarks of counsel.—*Ward v.
The State,* 39 South. 924; *Neilson v. The State,* 40 South.
221. Charge 2 should have been given as should the
other charges.—*Riley's case, supra.*

ALEXANDER M. GARBER, Attorney-General, for the
State. The motion in arrest of judgment was probably
overruled.—*Walker v. The State,* 91 Ala. 76; *Thomas v.
The State,* 94 Ala. 74. The evidence clearly made out
a prima facie case.—*State v. Thomas,* 144 Ala. 77; *State
v. Vann,* 43 South. 357. The charges were misleading
and properly refused.—*Whatley v. The State,* 144 Ala.
68.

HARALSON, J.—Section 4730 of the Criminal Code
of 1896 provides: "Any person, who with intent to in-
jure or defraud his employer, enters into a contract in
writing for the performance of any act or service, and
thereby obtains money or other personal property from
such employer, and, with like intent, and without just
cause, and without refunding such money, or paying for
such property, refuses to perform such act or service,
must on conviction, be punished as if he had stolen it."

The Legislature, for legitimate purposes, amended this
section by adding at its conclusion the following: "And
the refusal or failure of any person, who enters into such
a contract, to perform such act or service, or refund
such money or pay for such property, without just cause,
shall be prima facie evidence of the intent to injure or
defraud his employer." Acts 1903, p. 345.

The contract between the defendant and the prosecu-
tor, McNeill, was in writing, of date June 11, 1904, sign-
ed by each of the parties and duly attested. The affida-

9 C

vit, on which issue was joined and the defendant was tried, charged that defendant did, "with intent to injure or defraud, enter into a contract in writing with Robert B. McNeill, his employer, for the performance of labor and service, and thereby obtained money and other personal property from said employer, to wit, suit of clothes for $12.75, and watch and chain for $2, and with like intent and without just cause, and without refunding said money or paying for said property, said John Campbell refused to perform said labor and service, (and) said offense has been committed by said John Campbell in said county on, to wit, the 30th day of January, 1905."

The contract recited that defendant was "at hard labor with R. H. Bussey, and served out his sentence, and R. B. McNeill has paid up the costs amounting to $73.56, for said Campbell, (therefore) I the said John Campbell agree to work on the farm for said R. B. McNeill, and about his premises as he may direct, and faithfully, at the rate of $9 per month from June 6, 1904, until said amount, and until any other amount I may owe him, is fully paid," etc.

The defendant moved to exclude that part of said contract as to the payment to said Bussey of the $73.56, because it was irrelevant to the case, and the defendant was not prosecuted for obtaining said amount, or any part thereof. The court overruled the motion. The contract was properly introduced in evidence, was an entire instrument, and no part of it could be rejected. The affidavit as shown above alleges a refusal to perform the service, and omits the averment of a failure to perform— which might also have been alleged. There is no proof of a refusal on the part of defendant to perform service under the contract as alleged.

The affirmative charge as requested by defendant should have been given.

[Thomas v. The State.]

. The eighth charge requested by defendant was free from error and should have been given.

Reversed and remanded.

TYSON C. J., and SIMPSON and DENSON, JJ., concur.